United States District Court
Southern District of Texas
**ENTERED**
September 06, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff/Respondent,<br><br>v.<br><br>SERGIO ALBERTO FLORES,<br>    Defendant/Movant. | §<br>§<br>§<br>§   CRIMINAL NO. 6:20-117(S)-1<br>§   CIVIL NO. 6:23-11<br>§<br>§ |

**MEMORANDUM OPINION & ORDER**

On January 23, 2023, the Court received Defendant/Movant Sergio Alberto Flores' Motion to Correct Sentence, wherein he moved the Court to reduce his "unreasonable" 276-month sentence based on ineffective assistance of counsel. D.E. 140. A *Castro* Order was issued ordering Movant to advise the Court within 30 days whether he wanted his motion to be characterized as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and, if he did, to file an amended § 2255 motion with all claims using the standard form. D.E. 147. Movant filed an amended § 2255 motion and memorandum in support in response to the Court's *Castro* Order (D.E. 150, 151), to which the Government responded (D.E. 162) and Movant replied (D.E. 169).

**I. BACKGROUND**

Movant pled guilty to conspiracy to possess with intent to distribute more than 50 grams of methamphetamine. The Presentence Investigation Report (PSR, D.E. 84) calculated Movant's base offense level, based on 7.711 kilograms of methamphetamine (actual), at 38. He received a two-level enhancement because a dangerous weapon was possessed and a two-level enhancement for maintaining a premise for the purpose of manufacturing or distributing a controlled substance. After credit for acceptance of responsibility, his total offense level was 39. With a criminal history category of VI, his advisory Guideline sentencing range was 360 months to life. The Court granted

1

the Parties' joint motion for a downward variance and sentenced Movant to 276 months' imprisonment, to be followed by 5 years' supervised release.

Judgment was entered on February 10, 2022. Movant did not appeal. He filed the current motion under 28 U.S.C. § 2255 on January 23, 2023. It is timely.

**II. MOVANT'S ALLEGATIONS**

Movant alleges that his trial counsel was constitutionally ineffective at sentencing because he: (1) failed to object to the use of Movant's relevant conduct in determining his attributable drug amount; and (2) failed to object based on a "policy disagreement" with the ratio between the quantity of "methamphetamine" and quantity of "methamphetamine (actual)" or "Ice" in the Sentencing Guidelines.

**III. LEGAL STANDARDS**

**A. 18 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B. Ineffective Assistance of Counsel**

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective

2

assistance of counsel, a movant must demonstrate that his or her counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id*. at 689–90. Regarding the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

"Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim." *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997). "A court need not address both components of the inquiry if the defendant makes an insufficient showing on one." *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994).

### IV. ANALYSIS

#### A. Failure to Object to Use of Relevant Conduct in Calculating Attributable Drug Amount

Movant claims that his trial counsel was ineffective at sentencing for failing to object on constitutional grounds to the use of Movant's relevant conduct—rather than his indictment and guilty plea—in determining his attributable drug amount of 7.711 kilograms of methamphetamine (actual). Movant maintains that he is "actually innocent" of the relevant conduct described in his

PSR and claims that any unindicted conduct should be considered "acquitted conduct" for the purposes of sentencing.

"Under section 2D1.1(a)(3) of the Guidelines, the offense level of a defendant convicted of a drug trafficking offense is determined by the quantity of drugs involved." *United States v. Puig-Infante*, 19 F.3d 929, 942 (5th Cir. 1994). "This quantity includes both drugs with which the defendant was directly involved, and drugs that can be attributed to the defendant in a conspiracy as part of his 'relevant conduct' under section 1B1.3(a)(1) of the Guidelines." *Id.* Under U.S.S.G. § 1B1.3(a)(1)(A), Movant's relevant conduct covered his personal conduct, including "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by [him]." Under U.S.S.G. § 1B1.3(a)(1)(B), his relevant conduct covers his jointly undertaken criminal conduct, including "all acts and omissions of others that were . . . (i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity." The Fifth Circuit "will uphold the factual findings made by a district court in its determination of a defendant's relevant conduct for sentencing purposes unless that figure is clearly erroneous." *Puig-Infante*, 19 F.3d 942.

Despite his current claims of innocence, Movant verified the factual basis for his plea at rearraignment, which detailed his participation in multiple drug transactions involving at least 39.5 kilograms of methamphetamine. Specifically: (1) David Garcia and Kelcie Gamez purchased 9.5 kilograms of methamphetamine from Movant in 2019; (2) Michael Nuñez and Luis Villarreal purchased 3 kilograms of methamphetamine from Movant in 2020; (3) Mark Gonzalez and Jessie Marie Rodriguez purchased approximately 25 kilograms of methamphetamine from Movant in 2020; and (4) two New York men purchased 2 kilograms of high-quality methamphetamine from Movant in 2021. 11/1/2021 Rearraign. Tr., D.E. 142 at 13:6–14:24. Movant swore under oath that this factual basis was "correct" as to his involvement in the conspiracy. *Id.* at 14:25–15:6. His

"[s]olemn declarations in open court carry a strong presumption of verity." *See United States v. Lampazione*, 251 F.3d 519, 524 (5th Cir. 2001) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

On this record, the Court finds that Movant has not shown his counsel was ineffective for failing to object to the use of undisputed relevant conduct in determining Movant's attributable drug amount. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim"). Accordingly, this claim is denied.

### B. Failure to Object on the Basis of a Policy Disagreement with the Guidelines' Treatment of "Methamphetamine" vs. "Methamphetamine (Actual)" or "Ice"

Movant further argues that counsel was ineffective at sentencing for failing to object based on a "policy disagreement" with the 10:1 ratio between the quantity of "methamphetamine" and quantity of "methamphetamine (actual)" or "Ice" in the Sentencing Guidelines.

A defendant convicted under 21 U.S.C. § 841(a) is generally sentenced based on the Drug Quantity Table in U.S.S.G. § 2D1.1(c). *United States v. Aparicio*, 963 F.3d 470, 474 (5th Cir. 2020). "For methamphetamine, the base offense level is determined by the weight and purity of the controlled substance." *Id*. The Drug Quantity Table lists methamphetamine in three forms: (1) "methamphetamine" means the entire weight or substance containing a detectable amount of methamphetamine; (2) "methamphetamine (actual)" means the weight of methamphetamine itself; and (3) "Ice" means a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity. *Id.*; U.S.S.G. § 2D1.1(c)) n.(C).

Movant maintains that if his sentencing calculation was based on "methamphetamine" instead of "methamphetamine (actual)," his offense level would have been lower, thus reducing his advisory guideline range. He cites several district court cases involving a policy disagreement

5

with the methamphetamine ratio; however, these cases are not binding in the Fifth Circuit. He further claims that the issue of drug purity should have been presented to a jury.

The Fifth Circuit "has rejected similar arguments, holding that the sentencing disparity created by the 10 to one ratio between actual methamphetamine and a substance containing methamphetamine is not irrational or arbitrary and, as a result, does not violate the Due Process Clause." *Ortiz-Martinez v. United States*, 2021 WL 5173392, at *3 (E.D. Tex. Oct. 4, 2021), *report and recommendation adopted*, 2021 WL 5163208 (E.D. Tex. Nov. 5, 2021), (citing *Aparicio*, 963 F.3d at 475); *United States v. Molina*, 469 F.3d 408, 413–14 (5th Cir. 2006) (same); *United States v. Alcala*, 668 F. App'x 83, 84 (5th Cir. 2016) (unpublished) (same); *United States v. Nuñez*, 371 F. App'x 478, 479 (5th Cir. 2010) (unpublished)). The Fifth Circuit has further recognized that, "[r]egardless of the language of the indictment, the Guidelines advise the district court to apply the offense level determined by the weight of the pure methamphetamine in the mixture or substance *if doing so would result in a higher offense level.*" *Aparicio*, 963 F.3d at 475 (emphasis added) (citing U.S.S.G. § 2D1.1(c) n.(B); *Molina*, 469 F.3d at 414; *United States v. Collamore*, 330 F. App'x 708, 718–719 (10th Cir. 2009)). That is precisely what the Court did here.

The Court finds that Movant has not shown his counsel was ineffective for failing to object to the methamphetamine ratio used to calculate his offense level at sentencing. *See Kimler*, 167 at 893; *Ortiz-Martinez*, 2021 WL 5173392, at *3 (rejecting under the performance prong the defendant's § 2255 claim that counsel was ineffective for failing to challenge the methamphetamine ratio). Movant has also failed to demonstrate that the Court would have varied downward from the Guidelines had counsel raised this objection. *See United States v. Baccus*, 855 F. App'x 970, 971 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 809 (2022) ("Courts have discretion to vary from the Guidelines because of a policy disagreement, but they are not required to do so. . . .

6

The court understood it could vary from the Guidelines, but declined."). Accordingly, this claim is denied.

## V. EVIDENTIARY HEARING

A § 2255 motion may be resolved without an evidentiary hearing where the files, motion, and record of the case conclusively show that no relief is appropriate. *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983). If the record is adequate to fairly dispose of the allegations, the court may deny a § 2255 motion without an evidentiary hearing and grant summary judgment for the Government. *See United States v. Batamula*, 823 F.3d 237, 239 (5th Cir. 2016).

Movant requests an evidentiary hearing in order to determine whether his counsel was aware of the "policy disagreement" regarding the methamphetamine Guidelines and why counsel failed to raise this issue at sentencing. It is irrelevant whether counsel was aware of non-binding caselaw outside the Fifth Circuit expressing a policy disagreement with the methamphetamine Guidelines, as any objection on this basis would have been meritless. Accordingly, Movant's request for an evidentiary hearing is denied.

## VI. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a

grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As for claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VII. CONCLUSION

For the foregoing reasons, Movant's Motion to Correct Sentence (D.E. 140) and amended § 2255 motion (D.E. 150) are **DENIED**, and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 5th day of September, 2023.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE